J-S40023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAVON LEE | : | |
| | : | |
| Appellant | : | No. 1762 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004803-2021

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED FEBRUARY 7, 2025**

Kavon Lee appeals from the judgment of sentence entered for his convictions for third-degree murder, conspiracy, and carrying a firearm without a license.[1] We remand for the filing of a Rule 1925(b) statement *nunc pro tunc* within 14 days of remand, and for preparation of a responsive opinion within 30 days of the filing of the statement.

On January 20, 2023, Lee pled guilty to the above charges. At the March 17, 2023 sentencing hearing, the court heard from Lee's mother, the victim's family, and Lee. The court also considered the presentence investigation

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 6106(a)(1), respectively.

report (PSI) and the arguments from both parties. The court then imposed a concurrent term of 20 to 40 years' incarceration.[2]

Lee filed a post-sentence motion, claiming that the court's sentence was "excessive in light of his history and characteristics." Motion to Reconsider Sentence, filed 3/22/23. The court denied the motion. **See** Order, filed 6/16/23. On July 10, Lee filed a counseled notice of appeal. That same day counsel filed a motion to withdraw as counsel. Motion to Withdraw as Counsel, filed 7/10/23. On July 17, the court denied counsel's motion, finding it lacked jurisdiction since counsel had filed an appeal. **See** Order, filed 7/17/23. That same day the court ordered Lee to file a Rule 1925(b) statement. Lee did not comply.

In this Court, on July 27, defense counsel filed a motion to withdraw, which we granted. **See** Order, filed 8/22/23. We also ordered the trial court to determine Lee's eligibility for court appointed counsel. **See id.** The trial court determined not to appoint counsel based on Lee's statement "that he is able to hire private counsel and will be retaining private counsel to pursue his appeal." **See** Notice of Ineligibility for Court Appointment, filed 9/14/23. Nonetheless, Lee filed a docketing statement in this Court, on October 2, stating, "I need appointment of counsel for my appeal[.]" **See** Criminal Docketing Statement, filed 10/2/23. The trial court then entered a second

_____

[2] The court imposed concurrent terms of 20 to 40 years for third-degree murder, 20 to 40 years for conspiracy, and two to four years for the firearms charge.

order, on October 19, again directing Lee to file a Rule 1925(b) statement. *See* Order, filed 10/19/23. We ordered the court to determine Lee's eligibility for *in forma pauperis* status. *See* Order, filed 1/2/24. The court determined that Lee was eligible and appointed counsel. *See* Notice of Court Appointment, filed 2/7/24. However, the court did not enter a renewed Rule 1925(b) order.

On appeal, Lee challenges the discretionary aspects of his sentence:

> Whether the Sentencing Court erred in ordering a sentence for third degree murder of twenty (20) to forty (40) years['] incarceration, and conspiracy of twenty (20) to forty (40) years['] incarceration (concurrent), that was at the top of the sentencing guidelines, when substantial mitigating circumstances exist including [Lee's] age, acceptance of responsibility, his remorsefulness, drug abuse, absence of adult criminal convictions and his rehabilitative needs at the time of sentencing?

Lee's Br. at 9 (answer of trial court omitted).

The trial court concludes that this claim is waived because Lee failed to comply with its order to file a Rule 1925(b) statement. *See* Trial Court Opinion, filed 12/4/23, at 2. As such, it did not address Lee's sentencing claim.

In the present circumstances, we decline to find waiver. Lee was represented by counsel when the court first ordered him to file a Rule 1925(b) statement, and counsel failed to file one. *See* Order, filed 7/17/23 (denying trial counsel's request to withdraw); Order, filed 7/17/23 (ordering Lee to file Rule 1925(b) statement); Pa.R.A.P. 1925(c)(3) (providing that where appellate court finds counsel in a criminal case was *per se* ineffective for failing to file a court-ordered Rule 1925(b) statement, court may remand). We therefore remand for the filing of a Rule 1925(b) statement *nunc pro tunc*

within 14 days of remand, and for preparation of a responsive opinion within 30 days of the filing of the statement.

Case remanded with instructions. Jurisdiction retained.